**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RICKEY DEWAYNE WEBBER, #1135023,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1307-M |
| | ) | ECF |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID). Respondent is the TDCJ-CID Director. The Court issued process in this case.

Statement of the Case: Following his plea of not guilty, a jury convicted Petitioner for the offense of capital murder in the 283rd District Court of Dallas County, Texas, in cause number F01-76323-RT. An automatic life sentence was imposed because the prosecutor did not seek the death penalty. The Court of Appeals affirmed the conviction on direct appeal. *Webber*

*v. State,* No. 08-03-00177-CR (Tex. App. -- El Paso, Apr. 15, 2004, pet. ref.). On December 8, 2004, Petitioner filed a state habeas application challenging his conviction on five grounds of ineffective assistance of counsel. *See Ex parte Webber*, No. WR-62,418-01, at 2. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on August 17, 2005. *Id.* at cover.

In his federal habeas petition, stamp filed on July 24, 2006, Petitioner alleges (1) the evidence was insufficient to show that Petitioner acted as a party to the offense; (2) the State's witness Kerressa Chumbley's testimony regarding extraneous offenses was more prejudicial than probative; and (3) the trial court erred in overruling the defense's objection to Detective Moore's testimony concerning the method of fingerprint matching used by the FBI.

In response to this Court's order to show cause, Respondent filed an answer along with the state court record. He alleges that Petitioner's claims are unexhausted and procedurally barred and, in the alternative, that they fail on the merits. Petitioner did not file a reply.

<u>Findings and Conclusions</u>: This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides in pertinent part that a state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c) (West 2006); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *see also Rhines*, 544 U.S. at 274. Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179

F.3d 271, 275 (5th Cir. 1999)).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his/her claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in a state application for a writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

      Claim 1 – Legal Sufficiency of the Evidence

Respondent correctly notes that Petitioner did not fairly present his legal sufficiency of the evidence claim to the Court of Criminal Appeals in a procedurally correct manner.  On direct appeal, Petitioner claimed only that the evidence was factually insufficient to support his conviction.  *See* Appellant's Brief at 2-3 (identifying nine appellate claims including a claim that "the evidence was factually insufficient to support his conviction"), *Webber v. State,* Nos. 08-03-00177-CR (Tex. App.-El Paso Apr. 15. 2004, pet. ref'd); and Appellant's Petition for Discretionary Review at 2 (identifying one claim – that the court of appeals incorrectly analyzed his factual sufficiency argument).  Petitioner never specifically challenged the legal sufficiency of the evidence, which is a separate and distinct legal theory from factual insufficiency.[1]  *Johnson v. State,* 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).  Thus, the failure to challenge the legal sufficiency of the evidence on direct appeal constitutes "a procedural default under state law" that may bar this Court from reviewing the claim on federal habeas review.  *Renz v. Scott,* 28

---

[1] The federal courts do not recognize factual insufficiency of the evidence as a valid basis for federal habeas relief.  *See, e.g., Braswell v. Dretke,* No. 3:02-CV-0342-M, 2004 WL 2583605, at *7 (N.D. Tex. Nov. 12, 2004) (findings, conclusions, and recommendation), *accepted by* 2005 WL 1058865 (N.D. Tex. May 2, 2005).

F.3d 431, 432 (5th Cir. 1994); *Cross v. Johnson,* 169 F. Supp. 2d 603, 614-15 (N.D. Tex. 2001).

Petitioner did not cure the procedural default by presenting his legal sufficiency claim to the Texas Court of Criminal Appeals in his state application for writ of habeas corpus. Even if he had done so, such claim would not have remedied the procedural default or save Petitioner from the failure to challenge the legal sufficiency of the evidence on direct appeal. Under Texas law, challenges to the sufficiency of the evidence of a conviction must be raised on direct appeal. *See Ex parte McLain,* 869 S.W.2d 349, 350 (Tex. Crim. App. 1994) (holding evidentiary sufficiency claims not cognizable in post-conviction, collateral attack); *West v. Johnson,* 92 F.3d 1385, 1389 n. 18 (5th Cir. 1996) (recognizing the long-standing legal principle under Texas law).

When a defendant fails to properly exhaust insufficiency-of-the-evidence claims, the court may find the claims procedurally barred if the "time to file a petition for discretionary review has expired." *Haley v. Cockrell,* 306 F.3d 257, 264 (5th Cir. 2002) (citing Tex.R.App. P. 68.2), *vacated on other grounds,* 541 U.S. 386 (2004). In this case, the time for filing a PDR has long passed. Therefore, Petitioner has procedurally defaulted his legal-sufficiency-of-the-evidence claim under Texas law, and this constitutes an adequate and independent state procedural ground to bar federal habeas review.

To overcome a procedural default, a petitioner must demonstrate cause and prejudice or a fundamental miscarriage of justice. *Smith v. Johnson,* 216 F.3d 521, 524 (5th Cir. 2000) (quoting *Pitts v. Anderson,* 122 F.3d 275, 279 (5th Cir. 1997)). Petitioner has not attempted to overcome the procedural bar. He neither filed a reply, nor sought an extension of time to do so. Nevertheless, even when liberally construed, his pleadings do not show cause for failing to raise

4

the legal sufficiency of the evidence claim to the Court of Criminal Appeals.  Nor can he establish that he is actually innocent of the offense of capital murder.  Accordingly, the procedural default doctrine bars federal habeas relief on his legal-sufficiency-of-the-evidence claim, and the Court will not review this claim further.

<u>Claims 2 and 3 – Chumbley's testimony and objection to Detective Moore's testimony</u>

Respondent correctly points out that Petitioner did not adequately exhaust his remaining two claims – that the State's witness Kerressa Chumbley's testimony regarding extraneous offenses was more prejudicial than probative, and that the trial court erred by overruling the defense's objection to Detective Moore's testimony concerning the method of fingerprint matching used by the FBI.  After reviewing the state court record, it is clear that Petitioner did not fairly present claims two and three in his art. 11.07 writ.  The state writ only raised claims of ineffective assistance of counsel.  *Ex parte Webber*, No. WR-62,418-01, at 7-9.

The failure to properly present these claims to the highest court in Texas constitutes a procedural default that could bar this Court from considering such claims on federal habeas review.  *See In re Bagwell,* 401 F.3d 312, 315 (5th Cir. 2005); *Busby v. Dretke,* 359 F.3d 708, 724 (5th Cir. 2004).  Were this Court to require petitioner to present these claims to the Court of Criminal Appeals, they would be subject to dismissal under the Texas abuse-of-the-writ doctrine, Tex.Code Crim. Pro. Ann. art. 11.07, § 4.  That doctrine "prohibits a second [state] habeas petition, absent a showing of cause, if the applicant urges grounds therein that could have been, but were not, raised in his first habeas petition." *Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir.1997) (footnote omitted).  "[A]rticle 11.07 § 4 is an adequate and independent state procedural ground to bar federal habeas review and . . . has been strictly and regularly applied

5

since 1994." *Smith,* 216 F.3d at 523.  When such a state procedural ground exists, "federal courts ordinarily will not review questions of federal law." *Id.*  Consequently, Petitioner has procedurally defaulted his remaining two claims and, as noted above, cannot overcome the procedural bar.  Therefore, his unexhausted claims (grounds 2 and 3) may not be considered.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court DENY and DISMISS with prejudice the petition for writ of habeas corpus.

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondent.

Signed this 31st day of January, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*) a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.